IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK PHILLIPS, | : |
| Petitioner | : |
| v. | : CIVIL NO. 4:CV-15-37 |
| MARIANNE COX, ET AL., | : (Judge Brann) |
| Respondents | : |

## MEMORANDUM

February 12, 2015

**Background**

Frederick Phillips, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.[1] Named as Respondents are Assistant United States Attorney Marianne Cox and United States Attorney Zane David Memeger of the United States District Court for the Eastern District of Pennsylvania as well as the United States of America.[2] The required filing fee has

---

[1] It is unclear as to why Phillips is presently housed in a state correctional facility.

[2] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

been paid.

Petitioner states that on November 10, 2009 he was indicted by a grand jury in the United States District Court for the Eastern District of Pennsylvania on a charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) . See Doc. 1-1, p. 1.  Phillips indicates that he entered a guilty plea to that charge via a written plea agreement while represented by counsel and was subsequently sentenced on August 16, 2010 to serve a 228 month term of incarceration.

Following a direct appeal, his sentence was affirmed by the United States Court of Appeals for the Third Circuit by decision dated February 14, 2012.  See United States v. Phillips, 461 Fed. Appx. 135  (3d Cir. 2012).  The Court of Appeals concluded that Petitioner had knowingly and voluntarily entered into a waiver of his appellate rights as part of his plea agreement and that the enhancement of his sentence under the Armed Career Criminal Classification (ACCC)[3] was proper,based in part upon Phillips' 1997 Pennsylvania state conviction for possession of a controlled substance with intent to distribute and his 2003 Pennsylvania state drug conviction for unlawful manufacture, delivery, or

---

[3] Petitioner points out that at sentencing it was determined that he had three prior felony convictions.  See  Doc. 1-1, p. 8.

2

possession with intent to deliver a controlled substance.[4]

Petitioner acknowledges that he thereafter sought collateral relief with the sentencing court via an August 16, 2012 petition pursuant to 28 U.S.C. § 2255. His § 2255 petition raised "3 issues founded to be waived" under United States v. Frady, 456 U.S. 152(1982) concerning the ACCC enhancement. Doc. 1, ¶ 4(a). The sentencing court denied § 2255 relief on March 27, 2013. On July 3, 2014, the Third Circuit denied Phillips' request for a certificate of appealability. A supporting memorandum accompanying the Petition, indicates that the United States Supreme Court thereafter denied his petition for a writ of certiorari. See Doc. 1-1, p. 2.

Phillips' pending action again challenges the legality of his ACCC sentence enhancement. See Doc. 1, ¶ 9(a). He claims entitlement to federal habeas corpus relief on the grounds that his state conviction for possession with intent to deliver a controlled substance should not have been deemed a predicate offense for the purpose of the ACCC enhancement. Petitioner explains that subsequent to his direct appeal and § 2255 proceeding the substantive law changed as a result of both Alleyne v. United States, 133 S.Ct. 2151 (2013)[5] and Descamps v. United

---

[4] The Petitioner also had a prior conviction for rape.

[5] Alleyne held that any fact that increases the mandatory minimum sentence is
(continued...)

3

States, 133 S.Ct. 2276 (2013)[6] and he cannot satisfy the gatekeeping provisions of § 2255." Id. at (b).[7] His Petition further maintains that the facts supporting his sentence enhancement were not submitted to a jury and not found beyond a reasonable doubt.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and

---

[5](...continued)
an element which must be presented to the jury and proven beyond a reasonable doubt.

[6] Offenses for a violent felony or a serious drug offense may used as predicate offenses for the ACCC. See 18 U.S.C. § 924(e)(1). Descamps concerned the question of whether the use of a burglary conviction as a violent felony offense was appropriate.

[7] Phillips argues that Alleyne decriminalized the acts which formed the basis for his ACCC sentencing enhancement. See Doc. 1, ¶ 7(b).

any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of an improperly enhanced sentence via a § 2241 petition. It would appear that it is Phillips' contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at SCI-Dallas.

When challenging the validity of a federal sentence and not its execution,[8] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v.

---

[8] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).


Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").  A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

   "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.  See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

   Petitioner is clearly challenging the validity of his 2010 sentence which was imposed by the Eastern District of Pennsylvania.  He must do so by following the

requirements of § 2255. As previously noted, there is no indication by Petitioner that he either filed a direct appeal or previously sought relief via a § 2255 action.

Phillips' instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law.[9] Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Phillips' pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

---

[9] It is noted the Third Circuit Court of Appeals has held that Alleyne cannot be retroactively applied to cases on collateral appeal. See United States v. Winkelman, 746 F. 3d 134, 136 (3d Cir. March 26, 2014).

Since there is no basis for a determination that § 2255 is either inadequate or ineffective to test the legality of Petitioner's sentence, his § 2241 petition will be dismissed for lack of jurisdiction.  Of course, this dismissal has no effect on Petitioner's right to  seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition.

                BY THE COURT:

                s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge